UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-21, a national bank,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGIO COMMUNITY ASSOCIATION, a Nevada non-profit corporation; RMB INVESTMENTS, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:17-cv-01969-RFB-BNW<br><br>ORDER |

### I. INTRODUCTION

Before the Court is The Bank of New York Mellon's motion for default judgment against RMB Investments, LLC. ECF No. 36.

### II. PROCEDURAL BACKGROUND

Bank of New York sued RMB and Villagio Community Association in July 2017. ECF No. 1. The bank asserts a claim for declaratory relief to quiet title to a Las Vegas property. Id. RMB was served on July 31, 2017. ECF No. 7. After RMB failed to answer the complaint, the Clerk of the Court entered default against RMB on August 30, 2017. ECF No. 12. Villagio was then dismissed from this matter by stipulation. ECF No. 27. Shortly thereafter, the Court stayed this matter pending the Nevada Supreme Court's decision in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018). ECF No. 28. The stay was lifted on

September 17, 2018. ECF No. 31. Bank of New York now moves for default judgment against RMB. ECF No. 36. RMB has never appeared to defend itself in this matter. See docket.

### III. ALLEGED FACTS

In its complaint, Bank of New York alleges the following:

Raleigh Wendell Copeland purchased the property located at 1881 W. Alexander Road Unit 2142, North Las Vegas, Nevada 89032 in October 2006 by obtaining a loan. The loan was secured by a deed of trust owned by Bank of New York Mellon.

After Copeland failed to timely pay the homeowners' association fees associated with the property, Villagio foreclosed on the property under NRS Chapter 116 as a result. But Bank of New York Mellon, through its servicing agent, tendered the superpriority portion of Villagio's lien. At the subsequent foreclosure sale, Villagio purchased the property. Villagio later quitclaimed its interests to RMB.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the

complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.     DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against RMB is warranted. The first and sixth factors favor granting default judgment because RMB has failed to defend—or appear at all in this matter—for the last two years. Its failure to appear prejudices the bank by preventing the bank from determining its rights to the property. Its failure to appear for *nearly two years*, a substantial period of time, also demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, RMB's failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. The claims rely on recorded documents and allegations that sufficiently allege a nonjudicial foreclosure sale occurred on a subpriority lien only; the bank's servicing agent tendered the superpriority portion of Villagio's lien prior to the foreclosure sale, leaving only a subpriority lien on which Villagio could foreclose. Thus, when accepting the factual allegations as true, RMB acquired the property subject to the bank's interest.

Finally, there is no money at stake to counsel against the grant of default judgment; the bank seeks only declaratory relief against RMB. Thus, the Court finds the Eitel factors favor the grant of default judgment against RMB and grants the motion for default judgment accordingly.

///

///

///

## VI. CONCLUSION

**IT IS ORDERED** that The Bank of New York Mellon's motion for default judgment (ECF No. 36) is GRANTED. The Clerk of the Court is instructed to enter judgment on claim one against RMB and in favor of The Bank of New York Mellon. The Court declares that RMB acquired the property subject to The Bank of New York Mellon's deed of trust.

**IT IS FURTHER ORDERED** that the Clerk of the Court is also instructed to close this matter accordingly.

DATED: July 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**